IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANDRA LYNN RAMIREZ, o/b/o B.R., a minor child, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:07-CV-1885-N ECF |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | § § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the District Court's Order, entered November 9, 2007, this case has been referred to the United States Magistrate Judge. Before the Court is Defendant's Motion to Reverse with Remand (doc. 24). Plaintiff filed a response on June 24, 2008 (doc. 25). No reply was filed and the time to do so has expired. After considering the arguments, the Court recommends that the District Court **GRANT** Defendant's Motion to Reverse with Remand.

Plaintiff Sandra Ramirez ("Plaintiff") filed this action on November 9, 2007, seeking judicial review of a final administrative decision of the Commissioner of Social Security Income under Title XVI of the Social Security Act. Defendant Michael J. Astrue, Commissioner of Social Security ("Defendant") moves this Court to enter judgment reversing this case with remand for further administrative proceedings. Plaintiff agrees that this case should be reversed, but argues that it should only be remanded for the sole purpose of calculating payment benefits and effectuating immediate payment.

Plaintiff argues that because the State Agency Medical Consult, Dr. P. Clift Price ("Dr.

1

Price") determined that Brittany Ramirez's condition was severe enough to equal the Listing 102.08(b)(3), there are no outstanding issues that must be resolved. However, another State Agency Medical Doctor found that Brittany Ramirez's limitations did not meet or equal listing. The Administrative Law Judge accepted this opinion, without addressing Dr. Price's opinion or explaining his reasons for rejecting it. It is not the duty of this Court to re-weigh the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). Given the two contradictory medical opinions, the Court finds that this case should be remanded, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for further administrative proceedings before an ALJ so that an analysis of Brittany Ramirez's limitations can be performed using the correct legal standard.

**SO ORDERED.** August 1, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).